SUMMARY ORDER

Petitioner Bai Zheng, a native and citizen of the People’s Republic of China, seeks review of an October 16, 2007 order of the BIA denying his motion to reopen. In re Bai Zheng, No. A074 234 472 (B.I.A. Oct. 16, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008).
The agency did not err in denying Zheng’s untimely motion to reopen. See 8 U.S.C. § 1229a(c)(7)(C); see also 8 C.F.R. § 1003.2(c)(2). Zheng argues that the BIA erred in concluding that he failed to produce evidence demonstrating either material changed country conditions sufficient to excuse the untimely filing of his motion to reopen or his prima facie eligibility for relief. However, we have previously reviewed the BIA’s consideration of evidence similar to that which Zheng submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions or a reasonable possibility of persecution. See Jian Hui Shao, 546 F.3d at 169-73 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
The BIA’s determination that Zheng was ineligible to file a successive asylum application was not in error. See Yuen Jin v. Mukasey, 538 F.3d 143, 156, 158-59 (2d Cir.2008). Finally, we lack jurisdiction to consider Zheng’s argument that the BIA abused its discretion by de- *610 dining to reopen his proceedings sua sponte. See Ali, 448 F.3d at 518.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).